UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CESAR FERNANDO MARROQUIN, ) | Case No. CV 12-4923-PSG(AJW) |
| ) | |
| Petitioner, ) | |
| ) | MEMORANDUM AND ORDER |
| v. ) | DISMISSING PETITION |
| ) | |
| ROBERT AMBROSELLI, et al., ) | |
| ) | |
| Respondents. ) | |

Petitioner, who is represented by counsel, filed this petition for a writ of habeas corpus on June 5, 2012. On the same date, he filed a request to stay the petition so that he may exhaust his state remedies. As petitioner concedes, he has not exhausted his state remedies as to any of the claims alleged in the petition. To the contrary, petitioner indicates that he has recently filed a habeas petition raising his claims in the California Court of Appeal. [Petition at 2-3, 10-11].

A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam). The exhaustion requirement is satisfied when the substance of a petitioner's federal

claim has been fairly presented to the state's highest court. <u>Davis v. Silva</u>, 511 F.3d 1005, 1008-1009 (9th Cir. 2008).

Petitioner has not exhausted his state remedies with respect to any of his alleged claims for relief. Although this Court has discretion to stay mixed habeas petitions to allow the petitioner to exhaust his state remedies, <u>see</u> <u>Rhines v. Webber</u>, 544 U.S. 269, 277-278 (2005), it does not have discretion to stay a petition containing only unexhausted claims. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); <u>Pamplin v. Benedetti</u>, 2011 WL 128569, *3 (D.Nev. 2011) (explaining that a stay under <u>Rhines</u> is inappropriate where the petition is wholly unexhausted); <u>Davis v. Adams</u>, 2010 WL 1408290, *2 (C.D.Cal. 2010) (stating that a federal court cannot stay a completely unexhausted petition), <u>report and recommendation adopted</u>, 2010 WL 1408292 (C.D.Cal. 2010); <u>Connors v. Marshall</u>, 2008 WL 4079265, *2 (C.D.Cal. 2008) (same).

Therefore, petitioner's request for a stay is denied, and the petition for a writ of habeas corpus is be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated:   June 15, 2012

Philip S. Gutierrez
United States District Judge

2